PearsoN, J.
 

 The defendant, Barr, executed three mortgages. The first and second to the other defendants, and the third to the plaintiffs, who seek to avoid the second and to redeem the first mortgage, and for an account and decree of foreclosure.
 

 The second mortgage recites that it was made by Charles Barr, of the
 
 toion of Wilmington, county of New Hanover, and State of North Carolina,
 
 to John D. W". Hooks & Co, of the City of New York. The following certificates are annexed :
 

 “State, City and County of New York.
 

 “ I, John Bissell, Commissioner for the State, and resident in “ New York, appointed by the Governor of the State of North “ Carolina, under the laws, and commissioned under the great “ seal of the State, duly affirmed and qualified to take testimony “and acknowledgments, &c. &c., to be used and recorded in “ that State, do by this instrument, given under my hand and “ official seal, certify that on the 10th day of October, 1850, be- “ fore-me in the State of New York, personally appeared Charles “ Barr, signer and sealer of the annexed instrument, and ac- “ knowledged the same to be his act and deed, for the uses and “ purposes therein set forth.-
 

 “JoHN Bissell,
 

 “ Commissioner for North Carolina.”
 

 “ State of North Carolina :
 
 1
 
 County Court Clerk’s Office, “ New Hanover County, f 4 November, 1850.
 

 “ The execution of this deed is duly proven by the certificate
 
 *183
 
 “ of John Bissell, Commissioner for North Carolina.' Let it be
 
 “
 
 registered.
 

 “ Teste
 
 L, H. Maktin, Clerk,
 

 By J. E. Pine, Dep. Clerk.”
 

 “
 
 Received and registered.
 

 “
 
 the 4th November, 1850. D. E. Bunting, Reg’r.”
 

 The plaintiffs insist that .this deed has not been duly proven and registered, and is therefore inoperative as to them ; for that John Bissell had no authority as commissioner, to take the acknowledgment of Barr. And the question as prqsentpd, is the authority of the commissioner confined to deeds executed by
 
 nonresidents,
 
 or does it also extend to deeds executed by a resident of .this State, who happens to be in another State, and there executes and acknowledges a deed
 
 1
 

 The authority of the commissioners is confined to deeds executed by non-residents. The Act of. 1827, (Rev. Stat. ch. 37, sec 5,) provides that deeds &c
 
 “
 
 for land in this State, executed by any person or persons
 
 residing in any of the United States other than this State,
 
 or in any of the territories, or in the District of Columbia,” may be acknowledged or proven before some one of the Judges of supreme jurisdiction, &c.; and the deed and certificate being exhibited in the Court of Pleas and Quarter Sessions, or to some one of the Judges of the Supreme or of the Superior Courts of this State, shall be ordered to be registered with the certificates thereunto annexed, &c. The Act of 1830, (Rev. Stat. ch. 21, sec. 2,) provides that the Governor may appoint commissioners in any of the other States, District of Columbia, or territories, who shall have authority to take the acknowledgment or proof of deeds, &c., for land in this State, and such an acknowledgment or proof certified by the commissioner, shall have the same force and effect, and be as good and available in law for all purposes, as if the same had been done before some one of the Judges of supreme jurisdiction &c.,
 
 in any other State, &fc.
 

 The probate of any deed for land in this State, may be taken by the Court of Pleas and Quarter Sessions of the county where
 
 *184
 
 the land lies, or by one of the Judges of the Supreme or Superior Courts of this State. This is the general law. By the Act of 1T84, (Rev. Stat. ch. 37, sec. 4,) the Court of Pleas and Quarter Sessions of the county in which the land lies, may direct a
 
 dedinvus
 
 to two or more commissioners in the State where the subscribing witness or grantor resides, empowering them to take the proof or acknowledgment of the deed, whereupon the deed,
 
 dedimus
 
 and certificate shall be registered, &c. This exception to the general law was made, because when the grantor or subscribing witness were non-residents, it was inconvenient for them to come to our State. For the same reason, the 10th section provides,
 
 u
 
 vyhere it is represented to the Court or Judge, that a feme covert fc so aged or infirm that she cannot travel, or is a resident of another
 
 country,
 
 (misprinted in the Revised Statutes,
 
 county. Pierce
 
 v.
 
 Wanett,
 
 10 Ire. 449,) a
 
 dedimus
 
 may issue to two or more commissioners, to take her private examination. The 11th section prescribing the form of the
 
 dedimus,,u
 
 it being represented, that she is not an inhabitant of our State.” The exception is obviously confined to non-residents. It was found however that it did not go far enough to meet the inconvenience in regard to non-residents ; because it. was necessary to apply for a
 
 dedvmus
 
 in each case. To remedy this, the. Act of 1827 allowed
 
 “
 
 deeds executed by any person or persons,
 
 residing in any of the United States other than this State,”
 
 to be acknowledged on the proof thereof taken, before any Judge of supreme jurisdiction. Here again, the exception by its very terms, is confined to
 
 non-residents.
 
 Even this, did not answer the purpose. For to say nothing of the fact that the Judges of other States are under no obligation to act as commissioners of our Courts, the result was, that scarcely one deed out of ten was properly certified, owing, no doubt, to the fact that the mode of authentication differs in some particulars in almost every State. This suggested the Act of 1830, by which the Governor is to appoint some fit person in the other States, a commissioner for North Carolina, whose authority and jurisdiction are put on the same footing with that before given to the Judges of supreme jurisdiction in the other States. It is clear, the purpose of the statute was to provide a general commissioner, so as to avoid the necessity of a special
 
 *185
 
 commission in each case when the grantor or witness resided in another State ; consequently the commissioner has no authority jto take the acknowledgment or proof of deeds, except such as are executed by non-residents. If a citizen of this State can go to New York, execute a deed there, and acknowledge it before a commissioner, upon the same construction, a deed executed by a citizen of this State may be taken to New York and acknowledged before a commissioner. In other words, a commissioner has the same jurisdiction as a Judge, or the County Courts of our own State ; whereas the statute, in so many words, puts him on a footing with the Judges of supreme jurisdiction in any other State except our own.
 

 Mr. Wright called our attention to the fact, that the 6th and-7th sections of the 37th chapter, in reference to
 
 deeds executed in foreign countries,
 
 confers power to take acknowledgment or proof of such deeds upon the consul, chief magistrate, &c., and insisted that putting all the sections together,
 
 th& place where
 
 the deed was executed, gives jurisdiction to the commissioner without reference to the residence of the maker of the deed. The several sections of this statute, obviously do not turn upon the same principle. This Court is not called upon to say„ja4¿ch principle should have governed. We can onlysg^^a^^gylSce where the
 
 maker of the deed resides,
 
 is the acted up|n by the Legislature in all the sections having réjíerence tqt^te}Q(VéXecuted by persons residing in this State, orm ottej in the Wnited States, District of Columbia, &c. ^
 
 ^
 

 Again, Mr. Wright saj^s, this deed w'ks ffponjf#record, and for all useful purposes had the samfemotorietjrjfs if duly acknowledged or proven, so that the objection is technical. The reply is, the plaintiffs do not seek to make gain, but to seize a plank in a shipwreck, and may in, consequence stand on legal rights, and insist that where a thing is not done in due form, it is not done at all in contemplation of law. Mr. Wright says further, the clerk of New-Hanover County Court certifies that our deed is duly proven ; he has full power under the statute to pass upon that question in regard to mortgages and deeds of trust, so the matter is res
 
 judicata
 
 and must be taken as true, until set aside or reversed in some direct proceeding. Whether the clerk
 
 *186
 
 has full power may admit of some question ; but assuming it,
 
 “He certified the deed is duly proven by the certificate of the cotmmssioner.”
 
 The statute requires the certificate of the com-* missioner to be annexed to the deed and to be registered with it. Of course the question as to the validity of the certificate is left open.
 

 We admit fully the maxim,
 
 res judicata pro veritate accipitur,
 
 and the maxim,
 
 omnia presumuntur bene gesta,
 
 &c., which means in English, where a tribunal, court, judge, commissioner or clerk is empowered by law
 
 tp
 
 decide a question, the decision is to be taken as true, and every presumption is to be made in support of it, unless rebutted by something appearing on the face of the proceeding. For when a tribunal is entrusted by law to decide a question, it is presumed to have the ability and integrity necessary to enable it to do so. These maxims, however, apply only where the case is within the jurisdiction conferred, and the matter is properly constituted before the tribuual which undertakes to adjudicate it.
 

 We have seen that the jurisdiction of the commissioner is confined to deeds executed by persons who reside out of this State. As his jurisdiction is a limited one, it might be insisted with much force, that his certificate should set forth all the matters necessary to show that it was conferred in the case under
 
 -consideration;
 
 that is, it ought,to have set forth that the maker of the deed was, a citizen of the State of New-Yprk. But suppose, that although it might have been proper, still it was not absolutely necessary for the certificate to set forth all the facts giving jurisdiction
 
 ;
 
 it is certainly competent to show from the face of the deed,, that in point of fact the commissioner had no authority to 'take the ac-knowledgement, for it recit.es the fact that the maker is a citizen of North-Carolina. It is settled, that where the certificate does not set out the facts necessary to confer jurisdiction, but States generally that
 
 “
 
 the deed was duly proven,” a want of jurisdiction may be shown from the deed itself.
 
 Smith
 
 v.
 
 Castrix, 5
 
 Ire., 518. It would be strange if an attempt to support an usurpation by means of a falsehood, could not %be met by proof. We do not apply this language to the, present case. For we assume the commissioner to have acted under the belief (although he was
 
 *187
 
 mistaken,) that he had authority to take the acknowledgment; and the clerk also acted under the belief (although he was also mistaken,) that the deed was duly proven by the certificate of the commissioner ; and we use this language simply foi the purpose of announcing the general proposition, that where there is a de> feet of jurisdiction, the maxims above stated do not apply, and a want of jurisdiction may be shown
 
 aliunde.
 
 It must be declared to be the opinion of this Court, that the second mortgage is not .valid, as against the plaintiff, because not duly registered.
 

 Mr. Eeid for the plaintiffs, insisted that the first mortgage was also void as to creditors, because, besides the $2,000 then due, an attempt is made to secure any amount that might be due for goods to be furnished from time to time
 
 thereafter.
 
 This-objection is not open to the plaintiffs, for their mortgage is taken expressly subject to the first mortgage, which is recited to be a security for the sum of $2,000. Nip reference is made to future advances. This presents a very interesting question. Is not the first mortgage inoperative and of no effect in regard to the amount due for these future advances, by reason of our registration laws? The object of these laws is to give notoriety as to the
 
 existence and extent
 
 of mortgages and deeds of trust.
 
 Gregory
 
 v.
 
 Perkins,
 
 4 Dev. 50.
 
 Halcombe
 
 v.
 
 Ray,
 
 1 Ire. 340.
 
 Cannon
 
 v.
 
 Peebles,
 
 2 Ire. 449. Suppose a mortgage is given to secure a debt due by note, “ as by reference to said note will appear,” the amount not being set out. Would registration of such mortgage give notice of the extent to which the deDtor’s property was bound, or show the Value of the equity of redemption? Would not the registration laws be evaded? Suppose a mortgage secures a debt of $2,000, and
 
 other large sums,
 
 that may be hereafter contracted for. What purpose does the registration answer in reference to the latter ? As this question may be presented, upon exceptions to the Master’s report, we do not now express a decided opinion, and merely suggest it as a matter worthy of future consideration, with a view of having the order for an account so stated as to have distinguished the items for goods furnished after the execution of the first mortgage.
 

 Per Curiam. Decree accordingly.