Doe *on the dem. of* JAMES H. LASSITER *v.* A. H. DAVIS.

Where a conveyance of lands is made upon a valuable consideration, it is erroneous to make its validity as against creditors to depend upon the intention with which *the vendor* (alone) made it, *ex. gr. his* intention to *hinder*, &c., his creditors.

In seems to be otherwise where the conveyance is voluntary, merely.

(*Devries* v. *Phillips*, 63 N. C. 54; *Rose* v. *Coble*, Phil. 517; *Hofner* v. *Irwin*, 1 Ire. 490, and *Stone* v. *Marshal*, 7 Jon. 300, approved.)

EJECTMENT, tried before *Watts, J.*, at Spring Term 1870 of Granville Court.

The plaintiff claimed title under a sheriff's deed, by virtue of an execution in a suit by a creditor of one Merryman against the latter. Two months before the recovery of the judgment in that suit, i. e. in March 1867, Merryman sold the land to the defendant for ten thousand dollars. At that time he was insolvent, being indebted not only to the creditor above, but otherwise.

His Honor instructed the jury, amongst other things, that if, at the time the said deed to the defendant was executed, it was done by the said Merryman with intent to hinder, de-

lay or defraud the plaintiff's lessor, or any other creditor of the said Merryman, then the said deed would be void, and that nothing which was done by the parties subsequently would give it validity; that though what was done after the execution of the said deed could not change the consideration upon which it was executed, yet it might throw light upon the intention of the parties in the execution of the same.

Verdict for the plaintiff. Rule, &c.; Judgment, and Appeal by the defendant.

*Graham*, and *Rogers & Batchelor*, for the appellant.
*Bragg, contra.*

READE, J. His Honor instructed the jury, "that if, at the time the deed to the defendant was executed by Merryman, he, Merryman, had the intent thereby to hinder, delay or defraud the plaintiff who was his creditor, or any other of his creditors, the deed was void."

His Honor did not allow the character of the contract to govern, but simply the intent of *one* of the parties. If this were the law, then it would never be safe to purchase any thing—certainly not without inquiring into the intent of the vendor: and even then he might *declare* a good intent, and yet be *induced* by a bad one, and then the bad one would govern. In the case of *Devries* v. *Phillips*, 63 N. C. 64, his Honor below had charged that "if the conveyance were to pay a *bona fide* debt, it will be upheld, although the debtor made it with a fraudulent intent." This Court overruled his Honor, and said; "This charge is so broad we cannot sustain it." That might seem to sustain the charge in this case: but a charge must be understood with reference to the facts in the particular case; and in *Devries* v. *Phillips, supra,* there were badges of fraud upon the conveyance itself, and of course whatever was apparent upon the face of the deed be-

tween the parties, both parties were cognizant, of and participated in. In *Rose* v. *Coble*, Phil. 517, this Court said : " To render a contract void for fraud, the fraud must affect the *contract.* A contract is not the purpose of one, but the agreement of two minds ;" and of course both parties must intend the fraud : see also *Hafner* v. *Irwin*, 1 Ire. 490; *Stone* v. *Marshal*, 7 Jon. 300.

The distinction seems to be this: 1. A "voluntary gift or settlement" is void, if it was the intent of the maker to hinder, delay or defraud, whether the party who takes the gift, participated in the fraudulent intent or not. 2. An absolute conveyance for a valuable consideration, is good, notwithstanding the intent of the maker to defraud, unless the other party participated. The fraud must enter into and affect the *contract.*

There was error.

PER CURIAM.                          *Venire de novo.*