This is a bill in equity, (under the old system) founded upon the 17th section of the ordinance of June 23, 1866, which declares "that any creditor attempted to be defrauded as set forth in section 1, chapter 50, Revised Code, (which is the statute of 13 Eliz.,) may, without obtaining judgment at law, file his bill in equity, and said Court is hereby authorized and empowered to direct proper issues to be made up and tried, and to make such orders and decrees as to right and justice may appertain; and said proceeding shall not affect the creditor's right to proceed at the same time at law." *Page 234 
The plaintiffs, as executors of William Humphrey, deceased, charge that one Robert White, being indebted by bond to their testator, in the sum of $3,471.50, fraudulently conveyed his property, both real and personal, with small exceptions, to the defendants, Saunderlin and Venters, with intent to hinder, delay and defraud creditors, and they seek to subject the same to the satisfaction of the debt due the estate of their testator.
At January Term, 1871, of this Court, certain issues were made up, from the pleadings, and ordered to be sent to the Superior Court (281) of the county of Onslow, to be submitted to a jury. These issues have never been tried, but the defendants now move to dismiss the bill for want of jurisdiction.
The learned counsel for the defendants, bowing to the authority of Carrv. Fearington, 63 N.C. 560, admits that this bill could be maintained against a living creditor: but he says that, as Robert White, the debtor, died before the filing of this bill, the case is altered; and that as the act of 1846, Revised Code, chap. 46, sec. 44 ch. seq., gives as complete a remedy at law as could be obtained in equity, the jurisdiction of a Court of Equity is, of course, excluded.
Frauds and trusts are peculiarly the objects of equity jurisdiction; and although the relief sought may possibly have been under the act of 1846,supra, yet that remedy is only cumulative, and does not oust the jurisdiction of equity, to follow assets into the hands of volunteers or fraudulent alienees.
It is said in Barnwell v. Threadgill, 40 N.C. 86, in answer to the suggestion that a bill ought not to lie, because the statute gives a remedy at law; "that is but a cumulative legal remedy, not so effectual in many cases as that in equity, where accounts may be taken, all parties in interest brought before the Court, and the decrees enforced, not only by execution, but by process for contempt.
Besides, the rule of construction is settled, that statutes, which merely give affirmatively jurisdiction to one Court do not oust that previously existing in another Court.
There is nothing incongruous in concurrent jurisdictions; and therefore, that of the Court of Equity, or of the higher courts proceeding according to the course of the common law, is never taken away but by plain words, or as plain intendments.
This case is cited with approbation in Oliveina [Oliveria] v. theUniversity, *Page 235 62 N.C. 69. The motion to dismiss is not allowed. The issues, heretofore approved by this Court, must be submitted to a jury.
PER CURIAM. Motion dismissed.
Sc. 74 N.C. 785; Waddill v. Masten 172 N.C. 586; Medlin v. Medlin175 N.C. 533; Chatham v. Realty Co., 180 N.C. 502.