D. A. and L. W. HUMPHREYS v. R. W. WARD, Ex'r., and others.

As the jury is the tribunal, whose peculiar province it is to try issues of fact, their finding, though not conclusive in a Court of Equity, will, as a general rule, be adopted as the finding of the court, when issues have been submitted to a jury under the direction of the court.

This was a BILL IN EQUITY, (under ͺthe old system,) tried before *McKay, J.*, at Fall Term, 1875, of the Superior Court of ONSLOW county.

The case was before this court at January Term, 1871, when certain issues were made up from the pleadings and ordered to be submitted to a jury.

At January Term, 1874, the defendants moved this court to dismiss the bill on the ground that the court had not jurisdiction thereof. The case is reported in 70 N. C. Rep., 280.

At Fall Term, 1875, of the Superior Court of Onslow county, the issues directed by this court to be submitted to the jury were tried, all of of which were found in favor of the defendants. The plaintiffs excepted to the charge of the court and assign as error :

" That his Honor erred as a matter of law in his charge to the jury as follows : The plaintiffs' counsel called the attention of his Honor to the 3d and 5th issues which had not been denied by the answer of the defendants, and were therefore admitted, and requested the court to instruct the jury as a matter of law. His Honor refused so to do, and charged the jury, " that the Supreme Court having the pleadings before them had sent the issues submitted to be passed upon by a jury. That the pleadings in the case had been read for information, that they might aid the jury in understanding ·and coming to a correct conclusion upon the issues submitted by the Supreme Court. That they must pass upon the issues and decide them according to the evidence submitted to them upon the trial." Holding that if an issue had been ordered

by the Supreme Court upon a matter settled by the pleadings they had a motive therefor, and if useless they would so perceive from an inspection of the pleadings and disregard the finding."

All other facts necessary to an understanding of the case as decided, are stated in the opinion of the court.

The plaintiffs appealed.

*Smith & Strong*, for appellants.
*Battle & Son* and *A. G. Hubbard*, contra.

BYNUM, J. This is a suit in equity, begun in 1867, under the old system. G. J. Ward, as principal, and Robert White, as surety, were indebted to William Humphrey by note, in the sum of $3,471.20. Ward died insolvent, and on the 9th of January, 1866, White, for the alleged consideration of $10,000, payable in ten equal yearly instalments with interest, conveyed by deed all his real estate, consisting of a large and valuable plantation, to the defendants, Sanderlin and Venters. He also, at the same time, conveyed by deed, to the same parties, all his chattel property, with some small exceptions, taking as the consideration therefor, their obligation to support him during his life. William Humphrey, the creditor, died, leaving the plaintiffs as his executors; and both Ward and White are dead, the defendant, R. W. Ward, being the executor of the one, and the defendant, Etheridge, being the administrator of White. The prayer of the bill is, that the said deeds made by White, may be declared void for fraud, and the property thereby conveyed be decreed to the satisfaction of the said debt. The defendants answered that they were purchasers in good faith, for a valuable and fair consideration, and denying any fraudulent intent. The cause being heard in the Superior Court, upon the pleadings and proofs, the bill was dismissed, and the plaintiffs appealed to this court. See 70 N. C. Rep., 280. This court, not undertaking

50

to decide the issues of fact involved, upon which much evidence was sent up with the record, ordered, among others, the following material issues, to be sent down and tried in the Superior Court by a jury, to-wit:

"Was the deed, set forth in the bill, from Robert White to D. E. Sanderlin and S. W. Venters, dated the 9th of January, 1866, for the real estate, executed with the intent to hinder, delay or defraud the creditors of Robert White?"

"Was said deed executed with the intent to hinder, delay or defraud William Humphreys, his executors, administrators or assigns?"

Similar issues were submitted in respect to the deed for the chattel property. Upon the trial in the court below, the jury responded in the negative, upon each of these issues, and the case is now before us for final hearing.

As the jury is the tribunal, whose peculiar province it is to try issues of fact, their finding, though not conclusive, in a Court of Equity, will, as a general rule, be adopted as the finding of this court, when such issues are submitted by our direction.

The bill seeks to avoid the two deeds upon the single ground of fraud, but the jury, by their verdict, negative any idea that the deeds were made with intent to hinder, delay or defraud creditors, and the evidence before us fully supports the verdict. It establishes that White sold his land for the sum of $10,000, which was a fair price for it; that the defendants purchased in good faith and have paid all the purchase money except $2,000, which they admit to be yet unpaid; that White owed no other but this security debt due to the plaintiffs; and of the existence of this the defendants had no knowledge at the time of their purchase; nor had they any reason to suspect a fraudulent purpose in the bargainor, because he had a good character for economy, prudence and honesty in his life and dealings. But an absolute conveyance, for a valuable consideration, is good, even notwithstanding the intent of the

maker to defraud, if the grantor was not a party to the fraud and bought without any knowledge of the corrupt intent. *Reiger* v. *Davis*, 69 N. C. 185; *Lassiter* v. *Davis*, 64 N. C. 498. The deeds being good upon their face, and the jury having negatived fraudulent intent on the part of the defendants, the plaintiffs have failed to make out a case, and the judgment of the Superior Court dismissing the bill, must be affirmed.

It was suggested by the counsel of the plaintiffs that they might have a decree for the amount of the two unpaid notes, admitted to be due and unpaid by the defendants. This cannot be allowed, because it would be wholly inconsistent with the frame and prayer of the bill, and because it may be that the unpaid notes have been assigned for value to third persons. If unassigned they may, by the proper action, be subjected to the plaintiffs' debt.

There is no error.

PER CURIAM.                     Judgment affirmed.