K. II. WORTHY Administrator of John Morrison v. I H. CADDELL and others.

*Fraud -- Execution Sale -- Bona fide Purchaser for Value.*

1. One who claims against a prior donee or creditor as a purchaser for value, must prove a fair consideration, not up to the full value, but a price paid which does not cause surprise or warrant a suspicion of fraud or contrivance on the part of the purchaser.

2. Where A procures his land to be sold under execution with intent to defraud his creditors, and B purchases it at a grossly inadequate price without knowledge of the fraudulent contrivance of A, he is not a *bona fide* purchaser for valuable consideration.

(*Fullenwider* v. *Roberts*, 4 D & B, 278; *Rhem* v. *Tull*, 13 Ire. 57 ; and *Lassiter* v. *Davis*, 64 N. C. 498, cited, distinguished and approved.)

CIVIL ACTION, tried at Fall Term, 1876, of HARNETT Superior Court, before *Furches, J.*

This was a proceeding to sell land for assets commenced in the Probate Court of Moore County, and transferred to the Superior Court to try issues involving the title to the land. Upon affidavit of the defendant Caddell, the case was removed to the County of Harnett.

Worthy was appointed administrator of Morrison on the 13th of March, 1871, and after exhausting the personal estate in the payment of debts, filed a petition against the heirs-at-law of his intestate, (to which Caddell was made a party defendant) to sell the land in September following, in which it was alleged that the defendant Caddell claimed the land, under a pretended or fraudulent deed. This, the defendant denied ; and alleged that he was the *bona fide* owner in fee of the 2,200 acre tract, and asked to be allowed to defend his title.

The plaintiff introduced one W. K. Nunnery, Dep. U. S. Marshal, who testified, that he sold the land in dispute, under execution against Morrison and others ; that previous to the sale, he suggested to Morrison, that the other defendants

in the execution had personal property; that Morrison said he did not wish to trouble them, but wanted his land sold and requested the witness to levy; that on the day of this conversation, "the defendant Caddell, at his own suggestion wrote the advertisements, stating that he wanted them written correctly; and that the land in dispute, 2,200 acres, was worth from three to four dollars per acre."

The defendant testified in his own behalf in reply, and among other things, stated, "that he did write the advertisements, but wrote them at the instance of Nunnery, Deputy Marshal."

There was other testimony relating to conversations between Morrison and others in the absence of defendant; and also evidence tending to show the intimate, confidential relations which existed between Morrison and the defendant.

The defendant became the purchaser at execution sale, in the sum of fifty dollars, and obtained a deed for the land, which the plaintiff contended passed no title. His Honor reserved his opinion touching the validity of the deed, and submitted the following issue to the jury; "Did the defendant purchase the lands in controversy in fraud of the creditors of John Morrison?" To which the jury responded: "Yes."

Upon the question of law reserved, the Court was of opinion with the plaintiff, and adjudged, that a writ of *procedendo* be issued to the Probate Judge of Moore County &c, Rule for a new trial. Rule discharged. Judgment for the plaintiff, from which the defendant appealed.

*Messrs. John Manning* and *Neill McKay* for the plaintiff.
*Messrs. T. C. Fuller, W. A. Guthrie* and *J. D. McIver* for the defendant.

PEARSON, C J. This is a proceeding to subject the land

mentioned in the pleadings to the payment of the debts of one Morrison, a deceased debtor, on the ground that Morrison procured his land to be sold under *fi. fas* against him with an intent to defraud his creditors. The defendant faintly traverses the allegation of fraud on the part of Morrison, and takes the ground that he is a *bona fide* purchaser for valuable consideration.

Two issues are presented by the pleadings; 1. Did Morrison procure his land to be sold under execution, with an intent to defraud his creditors? 2. Is the defendant a *bona fide* purchaser for valuable consideration?

As a preliminary objection, the counsel of defendant took the position, that the proceeding does not come within the operation of the statute under which it is instituted, and relied upon *Rhem* v. *Tull*, 13 Ire. 57. That case does not apply. There, the debtor never had the title, and his fraud was in causing the vendor to convey to his two sons. So 13th Eliz. could not be made to fit the case; for if the deed was void as to creditors, the title was still in the vendor. Here, the debtor had the title, and if the conveyance to the defendant be void as to creditors, it leaves the title in the debtor.

After a long trial, and the introduction of much evidence, a part of which is set out in the statement of the case. ("the other evidence touching the *bona fides* of the sales is not stated, as there was no exception to it,") His Honor submitted the following issue to the jury: "Did the defendant purchase the land in controversy in fraud of the creditors of John Morrison?" which issue the jury find in favor of plaintiff.

This issue is in substance, the second issue referred to above—no notice is taken of the first issue—from which it is to be inferred, that the evidence was so convincing in regard to the fraudulent intent of Morrison, as to force the defendant to yield it.

That issue being yielded by the defendant, it follows that all of the testimony relevant to it, and not relevant to the second issue, or competent as against the defendant, ought to have been withdrawn also; for instance, all of the testimony of the conversations of Morrison, in the absence of the defendant. But that was not done, and the jury were no doubt influenced by this testimony, to the prejudice of the defendant. For this he has a right to complain, unless upon the other evidence, the case was dead against him as a matter of law, so that, the Court ought to have charged, that upon the other evidence, the verdict should be against the defendant.

Put out of consideration all of the evidence except what the witness, Nunnery swore; ' defendant, at his own, (Caddell's) suggestion, wrote the 'advertisements of sale, stating that he wanted them written correctly, that the land contained 2,200 acres, and was worth from three to four dollars per acre," and the fact that defendant bought the land for $50. We think upon this evidence, His Honor ought to have charged the jury, that assuming the fraudulent intent of Morrison, the defendant did not bring himself within the meaning of "a purchaser for valuable consideration," so as to escape from the taint of Morrison's fraud.

A donee, that is, one who takes without valuable consideration, must yield to the claims of creditors, on the idea, that the donor, being a debtor, was guilty of fraud, unless as provided by our statute, he retains property enough to pay his debts; and this, whether he knows of the fraudulent intent of the donor or not. But a purchaser for valuable consideration, is not required to yield to the claims of creditors, unless he had notice of the fraudulent intent of his vendor. *Lassiter* v. *Davis*, 64 N. C. 498.

From the manner in which the case is before us, the defendant has a right to assume, that he is not fixed with notice of Morrison's fraudulent intent, and may rest upon hi

title. That is so, provided he is a purchaser for valuable consideration.

The leading case upon the subject "what is a valuable consideration," *Fullenwider* v. *Roberts*, 4 Dev. & Bat. 278, covered only the meaning of the words, "purchaser for valuable consideration," in the statute 27th Eliz., as to subsequent purchasers, but the discussion in the opinion is extended to 13th Eliz., as to creditors. From that fountain we may drink. By it we learn, that in order to protect himself against the claim of a prior donee, or of a creditor, the party assuming to be a purchaser for valuable consideration, must prove a fair consideration, not up to the full value, but a price paid which would not cause surprise, or make any one exclaim, "he got the land for nothing, there must have been some fraud or contrivance about it."

Suppose Morrison, with intent to defraud his creditors, had gone to Caddell and said, "you can have my land, (2,200 acres, worth say $6,000,) for $50," and defendant had said, "agreed, here is your money." Would any one say Caddell is a purchaser for valuable consideration? But in our case Morrison contrives it more cunningly. He procures a sale of his land to be made under execution, with an intent to defraud his creditors. That is admitted. And at the sale the defendant bids off the land, for not exceeding one-half of its value. Is he a purchaser for valuable consideration, within either 13th or 27th Elizabeth? We think not.

Suppose defendant, when he bid off the land for $50, really did not know, or have reason to believe that it was all a contrivance of Morrison to defraud his creditors, when he was afterwards informed of the fact, could he with a good conscience hold on to his bargain, and by attempting to do so, does he not convict himself of participation in the fraud of Morrison?

After a perusal of this very complicated case, we are satisfied that justice has been done, and do not feel called on to

disturb the verdict and judgment, for the error of His Honor in not withdrawing from the jury, testimony, which although competent and material upon the first issue, was incompetent, but not at all material upon the second issue.

No error. Judgment affirmed and modified by requiring plaintiff to pay back the $50 paid by defendant.

PER CURIAM.             Judgment affirmed.