D. F. KING v. DONALD McRACKAN ET ALS.

(Filed 14 April, 1915.)

1. **Deeds and Conveyances—Defective Probates—Husband and Wife—Color of Title—Purchasers for Value—Statutes.**

   Where the husband has failed, as required, to join in a deed to his wife's lands, and the privy examination of the wife has not been taken according to law, the deed may be relied on as color of title.

2. **Deeds and Conveyances—Defective Probate—Registration—Purchaser for Value.**

   The registration of a deed to lands having a defective probate will be dealt with and treated as if unregistered, to the extent that the same may affect registered deeds made to the same lands to purchasers for value, since 1885. Revisal, sec. 979.

3. **Same—Recitations—Consideration—Third Persons—Evidence.**

   One relying upon a registered deed to show title as against a third person claiming the lands by adverse possession under "color" is required to allege and prove that he is a purchaser for value, of which the recital of consideration in his deed is no evidence either as to the amount or that it had been paid, such matter being regarded as *res inter alios acta.*

4. **Deeds and Conveyances—Color—Adverse Possession—Added Possession.**

   Under claim of land under color, the statutory period of possession may be shown by continuity thereof of two or more of those under whom the party claims, so that added together they will be sufficient.

5. **Estoppel—Judgments—Parties.**

   The doctrine of estoppel by judgment will not be applied to one not a party to the action wherein it was rendered.

6. **Pleadings—Amendments—Description of Lands—Court's Discretion—Appeal and Error.**

   An amendment of the complaint, in an action to recover lands, to make the description therein conform to that of the deed under which the plaintiff claims, is not reviewable in this case, there being no evidence that the trial judge had therein abused the discretion reposed in him.

APPEAL by defendant from *O. H. Allen, J.,* at November Term, 1914, of COLUMBUS.

Action to recover land, in which the plaintiff claims title under the following chain of title:

1. Deed from Shade Wooten to his wife, Sarah E. Wooten, dated 4 August, 1880, registered 7 June, 1882.

It was admitted that the defendants claimed title under a deed from Sarah E. Wooten and her husband, Shade Wooten.

2. Deed from Sarah E. Wooten to Jessie D. Wooten, dated 20 June, 1893, registered 30 December, 1893.

The defendants objected to this deed on the ground that it is insufficient to pass the title to the land therein described.

Shade Wooten, the husband of Sarah E. Wooten, did not join in the execution of this deed, nor was the private examination of Sarah E. Wooten ever taken.

3. Deed from Jessie D. Wooten to O. L. Clark, dated 15 December, 1898, registered 1 September, 1906. The defendants objected to this deed.

4. Deed from O. L. Clark and wife, dated 6 February, 1901, to P. Lennon. This deed was registered 4 October, 1906.

The defendants objected to this deed.

5. Deed from P. Lennon and wife to D. F. King, plaintiff, dated 3 October, 1903, registered 30 January, 1905.

The defendants objected to the introduction of this deed.

6. Deed from P. Lennon and wife, dated 6 September, 1904, to D. F. King, registered 30 January, 1905.

The defendants objected to the introduction of this deed.

7. Deed from P. Lennon and wife to D. F. King, dated 31 March, 1905, registered 3 July, 1905.

The defendants claim title under the following conveyances:

1. Deed from Shade Wooten and wife, Sarah E. Wooten, to Arthur Council, dated ____ August, 1906; filed for registration 18 August, 1906, and registered 20 August, 1906.

When this deed was registered the conveyance from Jessie D. Wooten to O. L. Clark, registered 1 September, 1906, Exhibit C, and the deed from O. L. Clark and wife, registered 1 October, 1906, Exhibit D, two links in the plaintiffs' chain of title, were not on record.

2. Deed from Arthur Council and wife to J. B. Schulken for an undivided one-third interest in said land, registered 23 September, 1906.

3. Deed from Arthur Council and wife and J. B. Schulken and wife to defendant Donald McRackan, registered 16 February, 1911.

The defendant contends that the deed from Jessie D. Wooten to O. L. Clark and the deed from O. L. Clark to P. Lennon and the three deeds from P. Lennon to D. F. King, while not registered, were not color of title, and the plaintiff D. F. King cannot tack onto his possession, if he had any from the date of registration of his deeds, the possession of his grantor whose deed was not on record, and make up the necessary seven years possession under color of title.

After the execution of the deed by Jessie D. Wooten to O. L. Clark, said Jessie D. Wooten intermarried with Arthur Council, and the deed from Shade Wooten and wife to the said Council was thereafter executed.

The deed from Jessie D. Wooten to the said Clark was registered prior to the registration of the deed from Arthur Council and wife to J. B.

Schulken and prior to the registration of the deed from Council and wife and J. B. Schulken and wife to the defendant McRackan.

The defendants, in addition to denying the title of the plaintiff, relied upon an estoppel by judgment in an action by Arthur Council against Ray and Pridgen, tenants of the plaintiff, to which action the plaintiff was not a party.

There was evidence of seven years adverse possession by Jessie D. Wooten, Clark, and Lennon.

His Honor charged the jury that the deed from Sarah E. Wooten to Jessie D. Wooten was color of title, and the defendant excepted.

His Honor also charged the jury that the possession of Clark and Lennon could be added to the possession of Jessie D. Wooten to make out a seven years adverse possession, and the defendant excepted.

He also charged the jury that the plaintiff was not estopped, and the defendant excepted.

There was a verdict and judgment in favor of the plaintiff, and the defendants excepted and appealed.

*Irvin B. Tucker and Manning & Kitchin for plaintiff.*
*Schulken, Toon & Schulken, Jackson Greer, and Walter Clark, Jr., for defendant.*

ALLEN, J. The deed from Sarah E. Wooten to Jessie D. Wooten was considered in *Council v. Pridgen,* 153 N. C., 444, and it was then held that it was not a valid conveyance, on account of the failure of the husband of the grantor to join in its execution and because the private examination of the grantor, a married woman, had not been taken, and as this deed is a necessary link in the plaintiff's title, he must rely on adverse possession under color.

The defendant objected to the introduction of this deed upon the ground that it was neither valid as a conveyance nor as color of title, and to the deeds from Jessie D. Wooten to Clark, and from Clark to Lennon, because they were not registered until after the conveyance to Council, contending that they could not be relied on as color of title until registered.

The deed of a married woman without private examination, if otherwise sufficient, is color of title (*Norwood v. Totten,* 166 N. C., 648), but the rule prevails as to all deeds that if they are placed upon the registry upon a defective probate they are to be dealt with and treated as if unregistered. *DeCourcy v. Barr,* 45 N. C., 181; *Todd v. Outlaw,* 79 N. C., 235; *Johnson v. Lumber Co.,* 147 N. C., 250; *Smith v. Fuller,* 152 N. C., 13.

We must, therefore, treat the deeds upon which the plaintiff relies as color of title as unregistered.

Prior to the Connor Act of 1885 an unregistered deed was in all cases color of title if sufficient in form (*Hunter v. Kelly*, 92 N. C., 285), but after the passage of that act it was held in *Austin v. Staten*, 126 N. C., 783, that an unregistered deed was not color of title.

The question was again considered in *Collins v. Davis*, 132 N. C., 106, and the ruling in the case of *Austin v. Staton* was modified so that it only applied in favor of the holder of a subsequent deed executed upon a valuable consideration, and the Court has since then consistently adhered to the latter decision. *Janney v. Robbins*, 141 N. C., 400; *Burwell v. Chapman*, 159 N. C., 211; *Gore v. McPherson*, 161 N. C., 644.

In the *Collins case Justice Connor*, the author of the Connor Act, says: "The learned counsel for the plaintiff, in an able and interesting argument, asks us to reverse the decision in *Austin v. Staten, supra*. It is not clear that the Legislature intended or contemplated this radical change of the law in this respect. The Court recognizes the fact that the question presented was 'new and important.' We would not be disposed to give to that decision any other or further effect than was necessary in that and other cases coming clearly within the same principle. The proposition as stated by the *Chief Justice* may be broader than was necessary to the disposition of that case, and while we are not disposed to disturb it in so far as we have suggested, we think it well to restate that principle as confined to its application to the case before us.

"We therefore hold that where one makes a deed for land for a valuable consideration and the grantee fails to register it, but enters into possession thereunder and remains therein for more than seven years, such deed does not constitute color of title and bar the entry of a grantee in a subsequent deed for a valuable consideration who has duly registered his deed. We use the term 'purchaser for a valuable consideration' in the sense in which it is defined by this Court in *Fullenwider v. Roberts*, 20 N. C., 278, 'A fair and reasonable price according to the common mode of dealing between buyers and sellers,' or, as said by *Pearson, C. J.*, in *Worthy v. Caddell*, 76 N. C., 82, 'The party assuming to be a purchaser for valuable consideration must prove a fair consideration, not up to the full price, but a price paid which would not cause surprise or make any one exclaim, "He got the land for nothing! there must have been some fraud or contrivance about it." '

"Except in cases coming within this rule, the rights acquired by adverse possession for seven years under color of title are not disturbed or affected by the act of 1885."

In other words, the Connor Act has substantially the same legal effect upon deeds that the act of 1819 had upon mortgages and deeds in trust (*Robinson v. Willoughby*, 70 N. C., 362), leaving them, although unregistered, valid as between the parties and as to all others except purchasers for value, and creditors.

It follows, therefore, that the unregistered deeds—and in this class we include the deed of Jessie D. Wooten—were properly admitted in evidence, and could be relied on as color of title, unless it was made to appear that Council, under whom the defendant claims, was a purchaser for value.

We find in the record no allegation that he was a purchaser for value, nor was there any evidence tending to establish this fact, and there was no request for instruction predicated upon the idea that he was such purchaser.

It is true that the deed to Council recites a consideration of $400, but this is only evidence of payment as between the parties, and would not be competent as to the plaintiff. *Tredwell v. Graham*, 88 N. C., 208, in which the Court, speaking of the recital of a consideration as paid, said: "The deed itself, though evidence conclusive as to all matters between the parties, furnishes no evidence of the matters contained in its recitals, as against strangers; for as to them it is strictly *res inter alios acta."*

There are also facts appearing upon the face of the record which indicate very clearly that Council was not a purchaser for value.

It appears that Jessie D. Wooten intermarried with Council after she had executed her deed to Clark, and that thereafter Shade Wooten and wife conveyed the land to Council, presumably for the purpose of avoiding the doctrine of feeding an estoppel, which might have arisen if the conveyance had been executed to the daughter. The consideration recited in the deed is only $400, which is less than the consideration recited in any other deed appearing in the record, and there is no evidence that that amount has been paid. It also appears that within five years after Council received his deed reciting a consideration of $400 the defendant McRackan sold the land conveyed therein for $8,000, and this discrepancy in value would lead to the conclusion that Council got the land for nothing, and that the payment of the purchase price recited would not have made him a purchaser for value.

It follows that the deeds were properly admitted in evidence, and that they constitute color of title against the defendants, and for the same reason the possession of Clark and Lennon can be added to the possession of Jessie D. Wooten to make up the period of seven years, and this period was complete before the defendant McRackan acquired his title.

The charge of his Honor as to the estoppel is sustained by the authorities, as the plaintiff King was not a party to the former action. *Falls v. Gamble*, 66 N. C., 455; *LeRoy v. Steamboat Co.,* 165 N. C., 109.

The order of his Honor in permitting an amendment of the complaint so that the description of the land might be made to conform to the deeds

168—40

is not reviewable, as we find no abuse of the discretion vested in him by law, nor do we think the remarks made by the presiding judge constitute prejudicial error.

There was evidence of an adverse possession for seven years under the deeds, which we have held to be color.

We have considered all of the exceptions raised upon the record, but have not thought it necessary to discuss them *seriatim,* as they are all involved in the questions we have decided.

We find

No error.