L. A. HARRISON, ADMINISTRATOR, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 15 March, 1916.)

**Conflict of Laws—Issues—Negligence—Evidence—Trials—Questions for Jury.**
While the issues in this action for damages against the railroad, alleging a personal injury received through defendant's negligence, are controlled by the laws of Virginia, the question of sufficient evidence of the negligence alleged is determined by the rules of evidence obtaining here, and though circumstantial, it is held sufficient to sustain the verdict in plaintiff's favor, *s. c.,* 168 N. C., 383.

ACTION tried November Term, 1915, of NORTHAMPTON, before *Lyon, J.,* upon these issues:

1. Was the intestate of the plaintiff killed by the negligence of the defendant? Answer: "Yes."

2. Was the plaintiff's intestate guilty of contributory negligence? Answer: "Yes."

3. Did defendants' employees have knowledge of the intestate's position? If so, could the defendant have avoided the killing of the intestate by the exercise of proper care? Answer: "Yes."

4. What damage, if any, is plaintiff entitled to recover? Answer: "$1,350."

The defendant appealed from the judgment rendered.

*Peebles & Harris, Gay & Midyette for plaintiff.*
*W. L. Long, F. S. Spruill for defendant.*

PER CURIAM. This case was before us at Fall Term, 1914, and is reported 168 N. C., 621. Upon the second trial his Honor very properly changed the wording of the third issue so as to bring the issue squarely under the laws of Virginia. In the former opinion *Justice Brown,* speaking for the Court, held that the liability of the defendant must be determined under the law of Virginia as expounded by its highest Court, and said:

"For a similar reason, the contention that under the ruling of the Court of Virginia there is no sufficient evidence that the intestate was struck and killed by the train cannot be sustained. This fact must be determined by the rules of evidence obtaining in this State, and under our decisions there are circumstances in evidence which justify the court in submitting that disputed fact to the jury. *Henderson v. R. R.,* 159 N. C., 581; *Kyles v. R. R.,* 147 N. C., 394."

Upon a review of the evidence upon the second trial, we are of opinion that there is circumstantial evidence sufficient to go to the jury to warrant their finding upon the first and third issues, and that the case was correctly submitted to the jury.

No error.