DILLON, Judge, concurring.
The facts of this case produce a harsh result. The Georges have lost much wealth due to the low purchase price paid at the foreclosure sale of their property. However, we are compelled to follow the law. And the law does not require that the party who purchased their property at the foreclosure sale to have paid a "valuable consideration," as that term is understood in cases cited by the dissent, to be entitled to protection.
Our General Assembly protects the title of anyone who purchases property at a judicial sale so long as the purchaser is "a purchaser in good faith[.]" N.C. Gen. Stat. § 1-108 (2017). There is nothing in Section 1-108 which requires that the consideration that was paid be substantial, unlike in other contexts. Indeed, the language in Section 1-108 is a little different than other statutes which provide protection to purchasers of real estate. For instance, under the Connor Act, any "purchaser[ ] for a valuable consideration " who records first is protected against any prior, unrecorded conveyance. N.C. Gen. Stat. § 47-18 (2017) (emphasis added). Accordingly, under the Connor Act, a purchaser is not protected unless (s)he has paid a "valuable consideration." Id. Our Supreme Court has held that a purchaser must have paid "substantial consideration" in order to fall within the protections of the Connor Act. See, e.g., King v. McRackan , 168 N.C. 621, 624, 84 S.E. 1027, 1029 (1915) ("The party assuming to be a purchaser for valuable consideration must prove a fair consideration, not up to the full price, but a price paid which would not cause surprise or make any one exclaim, 'He got the land for nothing! There must have been some fraud or contrivance about it.' ").
*55 But Section 1-108 does not require that the purchaser at a judicial sale have paid "a valuable consideration" in order to be protected, so long as purchaser believed in good faith that the sale was properly conducted. Indeed, as long as the purchaser at a judicial sale believed in good faith that the sale was proper, the "inadequacy of the purchase price realized [from the sale] ... will not be sufficient to upset a sale." Swindell v. Overton , 310 N.C. 707, 713, 314 S.E.2d 512, 516 (1984). Therefore, any cases cited by the dissent which concern the application of the Connor Act or similar laws are not relevant here.
In the present case, KPC Holdings purchased the Georges' property at the foreclosure sale. Though the consideration it paid would probably not be adequate enough to qualify them for protection under the Connor Act against a prior, unrecorded conveyance, the amount it paid is not relevant to determine whether it is entitled to protection under Section 1-108. There is nothing in the record to indicate that KPC Holdings was not a purchaser in good faith. There is nothing in the record to indicate that the sale was not duly advertised, etc., or that KPC Holdings thwarted the ability of anyone else from bidding at the judicial sale. KPC Holdings was simply the high bidder. KPC Holdings then sold the property to the current owner, National Indemnity, who seeks protection *33 based on its title from KPC Holdings. There is some allegation that KPC Holdings and National Indemnity may have been self-dealing. However, the nature of the relationship between KPC Holdings and National Indemnity or the consideration paid by National Indemnity to KPC Holdings is irrelevant in this case. The only relevant issue is whether KPC Holdings was a good faith purchaser and, therefore, possessed good title. If it was and it did, then the nature of KPC Holdings' relationship with National Indemnity is irrelevant.
This result is, indeed, a harsh one. "Be that as it may, we must remember that hard cases are the quicksands of the law and [we must] confine ourselves to our appointed task of declaring the legal rights of the parties." Fulghum v. Selma , 238 N.C. 100, 103, 76 S.E.2d 368, 370 (1953). I, therefore, concur in the majority opinion.
BRYANT, Judge, concurring in part, dissenting in part.
While I agree with the majority's holding that the trustee with legal title was not a necessary party and the Georges were not properly served with notice of the foreclosure sale, I disagree with the majority's holding that Respondents KPC Holdings and National Indemnity qualify as purchasers in good faith within the meaning of N.C. Gen. Stat. § 1-108. Section 1-108 allows restitution as a remedy, as opposed to setting aside *56 a deed, only if a purchaser satisfies the burden of proving good faith purchaser status. The premise behind the good faith purchaser doctrine is to protect "an innocent purchaser when he purchases without notice, actual or constructive, of any infirmity, and pays valuable consideration and acts in good faith." Morehead v. Harris , 262 N.C. 330, 338, 137 S.E.2d 174, 182 (1964) (emphasis added). "As to this, the true rule is that a bona fide purchaser for value without notice of outstanding equities takes title absolute" and, therefore, is subject to the greatest protection against adverse claims of title. Perkins v. Langdon , 237 N.C. 159, 165, 74 S.E.2d 634, 640 (1953). Courts must carefully examine conveyances when applying good faith purchaser status to a purchaser of title. Because I do not believe the record establishes Respondents as innocent purchasers acting in good faith, I do not believe Respondents are entitled to the protections of a purchaser in good faith. Accordingly, I respectfully dissent.
The uncontroverted evidence before the trial court reflected that, at the time of the foreclosure sale, KPC Holdings was made aware of the property value at approximately $150,000, no pending mortgage, and the outstanding debt of $204.75 in homeowners' dues. As the majority details, KPC Holdings purchased the property for $2,650.22, an amount that is grossly disproportionate to the value of the property. Such actions call into question "notice" and "acting in good faith" which are necessary to justify the applicability of a purchaser in good faith under N.C.G.S. § 1-108.
The protection accorded to a purchaser in good faith will not be given to a purchaser for a grossly inadequate consideration. He must have paid a fair consideration, though not necessarily the full value. See Worthy v. Caddell , 76 N.C. 82, --- S.E.2d ---- (1877). Our Supreme Court has recognized that "when the purchase price is so grossly inadequate [it is] to be prima facie evidence of fraud." Thompson v. Watkins , 285 N.C. 616, 626, 207 S.E.2d 740, 747 (1974). In Foust v. Gate City Sav. & Loan Ass'n , where the North Carolina Supreme Court addressed a property valued around $5,500 but was actually sold for $825 at a foreclosure sale, the Court stated that "gross inadequacy of consideration, when coupled with any other inequitable element, even though neither, standing alone, may be sufficient for the purpose, will induce a court of equity to interpose and do justice between the parties." Foust v. Gate City Sav. & Loan Ass'n , 233 N.C. 35, 37, 62 S.E.2d 521, 523 (1950). The inequitable element in this case is the foreclosure trustee's failure to effectuate service for all record owners of the property--the Georges--as required by N.C. Gen. Stat. § 45-21.16. This inequity is material based on *57 the circumstances, and as such, in the interest of justice, this Court must look at the adequacy of the consideration. Moreover, the burden rests on Respondents to further establishthat *34 they are purchasers in good faith, which I believe was not done.
KPC Holdings took the property with notice--actual and constructive--of the estimated value of the property and outstanding debt: both appeared on the face of the record. While KPC Holdings may not have possessed actual knowledge of the defective service to the Georges, there was a public record of the HOA's Claim of Lien and KPC Holdings was on reasonable notice that there were no other liens when it placed a bid of $2,650.22 notwithstanding the property value.[4] This conveyance refutes the legitimacy of the sale where it creates a strong inference of an inequitable element and a reasonable person would find the purchase price appears shockingly unfair. Also, it challenges the notion that Respondents acted in good faith when there was questionable evidence of wrongdoing--Respondents were colleagues, dealt with each other in the past, and both made a substantial profit with their respective conveyances of the property. Worthy , 76 N.C. at 86, --- S.E.2d at ---- ("[T]he party assuming to be a purchaser for valuable consideration, must prove a fair consideration, not up to the full value, but a price paid which would not cause surprise, or make any one exclaim, 'he got the land for nothing, there must have been some fraud or contrivance about it.' ").
As I believe KPC Holdings is unable to establish good faith purchaser status, National Indemnity, as the subsequent purchaser, cannot attain such status from KPC Holdings: KPC Holdings cannot convey what it does not have.
Given the insufficiency of notice of the foreclosure sale combined with the gross inadequacy of the ultimate sales price, I would affirm the trial court's ruling that Respondents were not purchasers in good faith and thus it was proper to void the sale and cancel the deed.

The Georges owned the property free and clear of any mortgage or other liens.