LILA HUGHES AND HUSBAND, T. C. HUGHES, v. ROSCOE FIELDS.

(Filed 31 March, 1915.)

**Deeds and Conveyances — Mortgages — Foreclosure Sales—Purchasers for Value—Trials—Evidence—Verdict, Directing—Burden of Proof.**

> The plaintiff claims a one-half interest in the lands in dispute from the ancestor of both parties to the action, who acquired title by deed given at a foreclosure sale which was not registered, the mortgage appearing of record to have been canceled, but the time not stated; and the defendant claims by a subsequent deed from the mortgagor, as a purchaser for value; and it is *Held* for error that the trial judge charged the jury upon the evidence to answer the issue in defendant's favor, the burden of proof being on the defendant to show he was such purchaser by the preponderance of the evidence, and the character of his testimony being inconsistent and improbable under the circumstances narrated by him; and it is *Further held*, that the registration of the deed obtained at the foreclosure sale was not necessary to the title to the lands, as between the parties.

APPEAL by plaintiff from *Daniels, J.,* at June Term, 1914, of GREENE. Civil action tried upon these issues:

1. Did R. L. Davis execute and deliver the deed to Mrs. Elizabeth Anne Fields, as alleged in the complaint? Answer: "Yes."

2. Did the defendant Roscoe A. Fields purchase the land described in the deed of Jeremiah Fields, dated 2 April, 1906, for value? Answer: "Yes."

3. Did the defendant Roscoe A. Fields purchase the land described in the deed of Jeremiah Fields, dated 10 February, 1911, for value? Answer: "Yes."

His Honor rendered judgment in favor of the defendant, and the plaintiffs appealed.

*G. V. Cowper and J. Paul Frizzelle for plaintiffs.*
*L. I. Moore and J. A. Albritton for defendants.*

BROWN, J. This is an action by the plaintiff to recover a one-half interest in two tracts of land, described in the complaint. It is admitted that the land originally belonged to Jeremiah Fields. He conveyed it by mortgage to R. L. Davis on 15 August, 1893, who foreclosed the mortgage, at which sale it was bid off for Elizabeth Anne Fields, to whom, according to the findings of the jury on the first issue, R. L. Davis conveyed it under the power of sale contained in the mortgage.

On the margin of the mortgage record appears the following entry: "Received of Jeremiah Fields full satisfaction for the within mortgage, and the same is hereby canceled. R. L. Davis. Witness: C. A. Lassiter, Register of Deeds."

It is admitted that on the death of Elizabeth Anne Fields her lands descended in equal shares to the plaintiff Lila and the defendant Roscoe Fields.

On 2 April, 1906, Jeremiah Fields executed a deed to Roscoe Fields for the recited consideration of $4,000 for one of the tracts of land, and on 11 February, 1911, Jeremiah Fields executed a deed to Roscoe Fields for the other tract of land for the recited consideration of $2,500. As the jury have found that the deed by R. L. Davis was executed and delivered to Mrs. Elizabeth Anne Fields, the grantee therein, and as the defendant did not appeal, the judgment being in his favor, that fact may be taken as settled by the finding of the jury.

His Honor instructed the jury: "If you find the facts to be as testified by the witnesses, you will answer the second issue 'Yes,' that the land was purchased for value; and if you find the facts to be as testified on the third issue, you will answer that issue 'Yes.'" To the foregoing charge, the plaintiff duly excepted.

It is established by the verdict that Elizabeth Anne Fields was upon her death the owner in fee of the lands in controversy, and although the deed to her was not registered, her title is good except as against a *bona fide* purchaser for value. *Hinton v. Moore,* 139 N. C., 44; *Norcum v. Savage,* 140 N. C., 472.

We think his Honor erred in instructing the jury upon the second and third issues substantially that in any view of the evidence the defendant was a purchaser for value. He should have submitted the matter to the jury under proper instructions as an open question for the jury to determine, the burden of proof being upon the defendant to satisfy them by a preponderance of evidence.

It is true that the defendant testified that he had paid for the land, but there are circumstances in evidence from which a jury might infer that he had not paid for it. The note alleged to have been given for the $4,000 contract was paid 2 April, 1906, which was due 1 January, 1908. On 18 April, sixteen days after the note was executed, there is another credit entry of $1,500, and in January, 1907, another payment of $1,600, and in about two months another payment of $1,031.25. Thus he paid off the note nearly a year before it was due.

The evidence shows that the defendant was not a man of means. He contends that he got some of the funds from the sale of his wife's land. Furthermore, he testifies that Jeremiah Fields, to whom the note was payable, gave him the money with which he paid the note. It is hardly to be supposed that Jeremiah Fields handed him the cash and he immediately returned it. If Jeremiah Fields forgave the defendant the debt, then he would not be a purchaser for value. If these credits are fictitious, as contended by the plaintiff, such evidence would tend strongly to prove that the defendant was not a purchaser for value.

The evidence as to the payment of the $2,500 note is more or less like that relating to the payment of the $4,000 note. The witnesses have stated that the wife's money had been used in paying the first note, and if so, it could not have been used in paying the second. The testimony that the defendant is a purchaser for value is not of that harmonious and consistent character which would justify the charge of the court.

New trial.