D. F. KING v. DONALD McRACKAN ET AL.

(Filed 22 March, 1916.)

**1. Vendor and Seller—Burden of Proof—Negative.**

Upon this petition to rehear, the ruling in the opinion, 168 N. C., 621, putting the burden on defendant of proving he was a purchaser for value, is affirmed, and for the further reason that otherwise it would put the burden on one unacquainted with the facts, to prove a negative.

**2. Appeal and Error — Affirmation of Judgment — Lower Courts — Reasons Given.**

The Supreme Court will affirm a judgment appealed from if supported by facts and in accordance with law, although the reasons assigned in its support may not be approved.

ACTION tried before *Allen, J.,* and a jury, at the November Term, 1914, of COLUMBUS.

Petition to rehear the case of *King v. McRackan,* reported in 168 N. C., 621.

*Manning & Kitchin for plaintiff.*
*Winston & Biggs for petitioner.*

PER CURIAM. We have carefully considered the arguments of the learned counsel for the petitioner urging us to reverse the ruling on the former appeal, holding that the burden was on the defendant to prove that he was a purchaser for value, but we are not convinced that we were then in error.

In addition to the reasons then stated, it may be suggested, without elaboration, that the opinion places the burden of proof on the purchaser, who usually knows all the facts, and who has it in his possession to inform the court of the amount paid and to whom, and of all the circumstances surrounding the purchase, while the opposite rule, and the one contended for by the petitioner, would impose the burden on one unacquainted with the facts, and he would be required to establish a negative, to wit, that the other party was *not* a purchaser for value. "It is often said that facts which are especially within the knowledge of the party must be proved by him. This rule is especially applied where the fact particularly well known to the other side presents the further difficulty in the way of adequate proof that it is negative. Under these circumstances it occurs with special frequency that the other party is called upon to prove it." Chamberlayne on Evidence, vol. 2, sec. 978.

The objection that the opinion of this Court is not upon the same theory upon which the action was tried in the Superior Court is met by the rule prevailing in appellate courts of affirming the judgment if supported by facts and in accordance with law, although the reasons assigned in its support may not be approved.

It is not improper to say that facts appearing to us on this petition absolve the petitioner from the charge, which might have been made on the first record, of buying in a title in disparagement of the claims of a client.

Petition dismissed.