VIRGINIA-CAROLINA JOINT STOCK LAND BANK, AND SOUTHERN TRUST COMPANY, TRUSTEE, v. C. W. MITCHELL, JR., AND J. L. PRITCHARD, EXECUTORS OF C. W. MITCHELL, AND MRS. CARRIE PRITCHARD, AND J. A. JERNIGAN AND WIFE, L. ALICE JERNIGAN.

(Filed 19 October, 1932.)

1. **Deeds and Conveyances B c—As between the parties an unregistered deed conveys title.**

Between the immediate grantor and grantee in a deed the registration of the instrument is not necessary to pass title to lands, the provisions of our registration laws applying only to the rights of subsequent purchasers and creditors of the grantor.

2. **Mortgages O c—Mortgage registered prior to mortgagor's deed but subsequent to its execution held prior to later registered mortgage.**

Where after receiving a deed conveying title to lands the grantee mortgages the same but fails to have his deed registered until after the registration of the mortgage, and thereafter the grantee executes another mortgage which is registered subsequent to the registration of the two prior instruments: *Held,* it will be presumed that the deed was delivered at the time of its execution, and the registration thereof showing the time of its execution, the abstractor for the latter mortgage should have examined the title to the date of the execution of the deed, and the second mortgagee cannot successfully contend that his mortgage constituted a prior lien on the lands, the first mortgage being valid and its existence being discoverable upon a proper examination of the registry. *Door Co. v. Joyner,* 182 N. C., 518, relating to estoppel and after-acquired title, cited and distinguished.

APPEAL by plaintiffs from *Midyette, J.,* at May Term, 1932, of BERTIE.

Controversy without action upon the following agreed statement of facts:

1. That the defendant, Carrie Pritchard, is the rightful owner and holder of a certain note and mortgage dated 1 August, 1916, executed by J. A. Jernigan and wife, L. Alice Jernigan, to C. W. Mitchell, payable 1 January, 1920; that said mortgage is duly recorded in the registry of Bertie County, in Book 189, p. 116, having been filed for registration and recorded on 3 March, 1917; that said mortgage is properly indexed in the registry's general index book No. 10; that said mortgage covers the following described land, to wit: Situate in Bertie County, North Carolina, adjoining the lands of the late William Pritchard heirs, Jules P. White, Geo. Jernigan and others, bounded as follows, viz.: Lying on the south side of the path leading from the T. H. Pritchard place to the A. L. Hoggard place, and being the same land deeded to W. T. White on 12 January, 1910, by J. E. Jernigan and wife, Addie E. Jernigan, containing 50 acres, more or less.

2. That the said note held by Carrie Pritchard is not barred by the statute of limitation, and that the power of sale in her said mortgage is not barred; that there is now due and unpaid on said indebtedness the sum of $619.29, with interest thereon from 1 January, 1929; that the said mortgage deed contained a general warranty of the title to the said land as follows: And said parties of the first part do covenant to and with said party of the second part, his heirs and assigns, that they are the owners and seized of said premises in fee simple; that they have the right to convey the same; that the same are free from all encumbrances whatsoever, and that they will forever warrant and defend the title to the same from the lawful claims of all persons whomsoever.

3. That J. A. Jernigan acquired title to the tract of land described in paragraph 1 above, by warranty deed from W. T. White and wife, dated 13 May, 1916, duly acknowledged and private examination taken 13 May, 1916, and filed for record 11 May, 1920, and duly recorded in Book 212, at page 244, said instrument being duly indexed in general index book No. 14.

4. In 1926, the plaintiff, Virginia-Carolina Joint Stock Land Bank made a loan to J. A. Jernigan, in the sum of $5,400, and to secure same J. A. Jernigan and wife, L. Alice Jernigan, executed a deed of trust to Southern Trust Company, trustee, said deed of trust being dated 1 May, 1926, filed for registration on 1 May, 1926, and duly recorded in Book 248, at page 26, registry of Bertie County, said deed of trust embracing the identical 50 acres above referred to, together with several additional tracts of land in Bertie County; said deed of trust containing usual warranties of title and covenants against encumbrances.

5. That J. A. Jernigan and wife defaulted in the payment of the deed of trust held by the plaintiff, the Virginia-Carolina Joint Stock Land Bank, and pursuant to the terms and provisions of said deed of trust, the lands of J. A. Jernigan were advertised and sold at public auction on 27 December, 1931; that the Virginia-Carolina Joint Stock Land Bank became the last and highest bidder for said lands, including the 50-acre tract about which this controversy centers, and the said Virginia-Carolina Joint Stock Land Bank is now owner of said property in fee simple, subject only to the lawful rights, if any, to which the defendant, Carrie Pritchard, may be entitled to in the 50-acre tract by virtue of the mortgage held by her.

6. That the said Carrie Pritchard came into possession of the above mentioned note and mortgage as a distributee of the estate of C. W. Mitchell, deceased, the original holder of said note and mortgage, the same having been transferred to her as a part of her distributive share as an heir at law of said C. W. Mitchell, in the settlement of the estate of her father.

7. That, after the recordation of the deed from White to Jernigan, the said Jernigan and wife executed a mortgage or deed of trust, including the lands involved in this controversy to the Bank of Aulander, said instrument being dated 21 April, 1925, and recorded in Book 232, page 159, registry of Bertie County, and securing the principal sum of $3,500 payable according to its terms on the first day of January, 1926; that this instrument was unpaid and uncanceled of record at the time the Virginia-Carolina Joint Stock Land Bank made its loan to the said J. A. Jernigan; that same was reported by the examining attorney as the only prior encumbrance against the property of J. A. Jernigan, and

the said Land Bank required said mortgage to be paid and canceled of record from the proceeds of its loan, believing that upon the cancellation of this mortgage the deed of trust taken by it would then constitute first and prior liens against said land.

8. That the above mortgage from Jernigan and wife to Bank of Aulander, and the deed of trust from Jernigan and wife to Southern Trust Company, trustee, being the instrument under which the Virginia-Carolina Joint Stock Land Bank claims, are the only conveyances of record affecting title to the 50-acre tract, about which this controversy centers, subsequent to the date of the recordation of the deed from White to Jernigan, being the deed whereby Jernigan, the common grantor, acquired title to the said 50 acres, which deed was not placed on record until 11 May, 1920, three years, two months and eight days after the recordation of the mortgage from Jernigan to C. W. Mitchell, under which the defendant, Carrie Pritchard, now claims.

9. That the only negligence, if any, attributable to the defendant, Carrie Pritchard, and her predecessor in title, C. W. Mitchell, is the fact that the mortgage held by her was accepted and recorded before the recordation of the deed from White to Jernigan, being said deed whereby the mortgagor acquired title to the said lands, and her failure, or the failure of her predecessor in title, to require said deed to be duly recorded at the time of or prior to the recordation of said mortgage.

10. That the only negligence, if any, attributable to the Virginia-Carolina Joint Stock Land Bank, was the failure of the title examiner to examine the records antedating the recordation of the deed from White to Jernigan, being the deed whereby Jernigan, the common grantor, acquired title to the said 50-acre tract, and have the said mortgage deed paid and canceled on the record; that neither the bank nor its examining attorney had notice of the existence of the Mitchell mortgage, being the mortgage under which Carrie Pritchard now claims, other than the notice thereof given by the properly recorded and indexed record thereof.

Carrie Pritchard contends that the mortgage held by her constitutes a first and prior lien upon the 50-acre tract therein described and that she has a right to demand the foreclosure of same.

The Virginia-Carolina Joint Stock Land Bank contends that in examining its title it was not incumbent upon it to search the records as to the 50-acre tract beyond the date upon which the deed whereby Jernigan, the common grantor, acquired title was filed for record; that the mortgage held by Carrie Pritchard does not appear, properly speaking, in the chain of title to the 50-acre tract, because said mortgage appeared of record 3 years or more before Jernigan, the common grantor, held

any record title to the property in question, and that said bank's title is unaffected by the record of said mortgage and that same is null and void so far as the said Land Bank's title is concerned; that said bank should be adjudged to be the owner in fee simple of said lands.

The case was heard in the general county court of the May Term, 1932, and the court adjudged that the mortgage held by the defendant Carrie Pritchard is a first lien upon the tract of land described in her mortgage and in the agreed statement of facts and that she recover of J. A. Jernigan and L. Alice Jernigan $619.29 with interest from 1 January, 1929, until paid. It was further adjudged that if this amount is not paid on or before 1 October, 1932, the above described land be sold and the mortgage foreclosed.

On appeal to the Superior Court the judgment was affirmed and the plaintiffs excepted and appealed.

*W. G. Mordecai and Alex Lassiter for appellants.*
*J. H. Matthews for appellees.*

ADAMS, J. The deed from White and his wife to Jernigan was executed on 13 May, 1916, and was filed for registration on 11 May, 1920, and duly recorded. On 1 August, 1916, Jernigan and his wife gave C. W. Mitchell a mortgage on the land conveyed by White, which was registered on 3 March, 1917, and properly indexed. On the first day of May, 1926, Jernigan and his wife executed a deed of trust to the Southern Trust Company to secure a loan to Jernigan of $5,400 by the Virginia-Carolina Joint Stock Land Bank, one of the plaintiffs. The deed of trust was filed for registration and we assume was registered on the day it was executed. Upon these facts the appellants rest their argument that the Land Bank can hold title to the land under the deed of trust as against the present holder of the mortgage to Mitchell. In support of this position they advance two propositions: First, that the Mitchell mortgage cannot prevail against the title held by the plaintiffs because they succeeded to the title of Jernigan first after his deed was registered, and, in the second place, for the reason that in the examination of Jernigan's title the plaintiffs were under no legal obligation to search for any records antedating the registration of the deed executed by White to Jernigan.

By way of maintaining the first proposition the plaintiffs undertake to apply the doctrine of after-acquired property. They say that before the enactment of our present registration laws an after-acquired title enured to the benefit of one who had taken a conveyance prior to the grantor's acquisition of title, but that by virtue of these laws title now passes to the purchaser who claims under any unbroken chain of re-

corded conveyances. They cite and rely upon the case of *Sash and Door Company v. Joyner,* 182 N. C., 518. The facts in that case are easily to be distinguished from those in the case before us. There it was admitted, or not denied, that Jones Smith had the legal title. On 28 February, 1913, he and his wife, to secure a debt due B. H. Bunn, executed to J. B. Ramsey a deed of trust, which was registered on 11 April, 1913. The trust was foreclosed and on 14 December, 1914, a conveyance was made to Mrs. Ella B. Ramsey and was registered on 9 January, 1915. On 20 August, 1917, Mrs. Ramsey conveyed the property to Nellie Smith by a deed which was registered on 22 August, 1917, and on 24 November, 1917, Nellie Smith and her husband executed to the Sash and Door Company, the plaintiff in that action, a deed of conveyance, which was registered on 25 January, 1918. The plaintiff had an unbroken chain of title—"a connected line of deeds."

The defendant offered a deed from Jones Smith and Nellie, his wife, to William Bullock, which was dated 10 April, 1913, and registered 11 March, 1914; a deed of trust executed by Bullock and wife to J. N. Bone, trustee, which was dated 10 March, 1914, and registered on the day following; and a deed from Bone to Joyner, the defendant, giving 10 October, 1916, as the date of its execution and 5 February, 1917, as the date of its registration.

The court held that as the plaintiff's title from the true owner had priority of registration it should prevail unless the title of Nellie Smith, acquired under the deed from Mrs. Ramsey, validated the deed which she and her husband had executed to Bullock, and held, further, that it did not have this effect. In the following words the court stated the principle applicable to the facts in the cited cases: "A purchaser having the prior registry is not affected with constructive notice by reason of deeds or claims arising against his immediate or other grantor prior to the time when such grantor acquired the title, but the deed or instrument first registered after such acquisition shall confer the better right." This principle might be invoked here if Jernigan had had no title to the land when he made the mortgage to Mitchell, and having thereafter acquired title had executed the deed of trust and the latter had been the first to be recorded after Jernigan received his deed.

But these are not the facts in the present case. The controversy cannot be determined upon the principle of estoppel and after-acquired property. Jernigan executed the Mitchell mortgage more than two months after he had taken the deed from White. We do not assent to the suggestion that Jernigan got no title until his deed was registered. An unregistered deed conveys title from its delivery as against the grantor and all others except creditors and purchasers for value. *Warren*

*v. Williford,* 148 N. C., 474; *Hughes v. Fields,* 168 N. C., 520; *Proffitt v. Insurance Co.,* 176 N. C., 680; *Trust Co. v. Brock,* 196 N. C., 24.

The deed of trust under which the plaintiffs claim was executed about six years after the registration of the White deed and more than nine years after the registration of the mortgage to Mitchell. The plaintiffs had constructive notice of these facts and are bound by it unless, as they contend, they were not affected with notice of any registration preceding that of the deed from White.

On this point, among other cases, the appellants cite *Ford v. Unity Church Society at St. Joseph,* 23 L. R. A., 561, which deals with a statute relating to the effect of the subsequently acquired title of a grantor, and is not applicable to the facts agreed on in the case under consideration. In that case it is said that a second purchaser should search the records until he finds the deed of his vendor but is not expected to look for conveyances from his vendor prior to the time the vendor acquired title. Jernigan acquired title before he executed the mortgage to Mitchell, and the plaintiffs when they examined his title, were notified of the date of his deed and in the absence of other evidence should have assumed that it was delivered at that time. *Devereux v. McMahon,* 108 N. C., 134. In these circumstances they are not entitled to priority for the asserted reason that they were exempt from the necessity of tracing the grantor's title back to its source and ascertaining whether he had conveyed or encumbered the property during the time intervening between the execution and the registration of the deed from White. Judgment

Affirmed.