EMMA PITTMAN WATERS v. CLARENCE PITTMAN AND WIFE, NORA EVANS PITTMAN; RUBY PITTMAN CURRAN AND HUSBAND, WILLIAM C. CURRAN; WILLIAM D. LONON AND WIFE, DOROTHY M. LONON; LILLIAN PITTMAN HYATT AND HUSBAND, WILLIAM HYATT.

(Filed 1 March, 1961.)

**1. Husband and Wife § 17—**

A decree of divorce vests in the wife a one-half interest in lands theretofore held by her and her husband by entireties.

**2. Ejectment § 9:    Quieting Title § 2:    Evidence § 15—**

The introduction by plaintiff of a deed executed by the common source of title to a stranger, for the purpose of attack, does not, as against plaintiff, establish the truth of the recital in the deed of a valuable consideration, since such recital as to plaintiff is *res inter alios acta.*

**3. Registration § 5b—**

　　The burden is upon the parties claiming under a prior registered instrument to show that they are purchasers for value so as to bring themselves within the protection of the registration laws.

**4. Ejectment §§ 7, 10:　　Quieting Title § 2—**

　　Plaintiff introduced in evidence a prior executed, but subsequently recorded, deed to herself and, for the purpose of attack, a subsequently executed but prior registered deed from the same grantor to defendants', predecessor in title. *Held:* Plaintiff's evidence establishing a prior deed from the common source makes out a *prima facie* case and the burden is upon defendants to establish that the subsequently executed deed was supported by valuable consideration so as to bring the instrument within the protection of the registration laws, and therefore it was error to nonsuit plaintiff's action to remove defendants' claim as a cloud in title.

APPEAL by plaintiff from *Froneberger, J.,* October Regular Term, 1960, of McDOWELL.

Plaintiff alleges she is the owner in fee simple of a one-half undivided interest in a one-quarter acre of land and that certain deeds constitute a cloud on her title. She prays that she be adjudged the owner of the alleged interest and for the removal of the alleged cloud.

Defendants Clarence Pittman and wife, Nora Evans Pittman, Ruby Pittman Curran and husband, William C. Curran, and Lillian Pittman Hyatt and husband, William Hyatt, deny plaintiff's allegations of ownership and allege that the defendants Pittman are the sole owners in fee simple of the said lot and that they are in the rightful possession thereof.

The plaintiff's evidence consisted of a stipulation and documentary evidence as follows:

1. A deed dated 26 October 1951, executed by Lillian Pittman Hyatt and husband, William Hyatt, of McDowell County, to Clarence Pittman and wife, Emma Pittman, of McDowell County. This deed was registered in Deed Book 153 at page 605 in the office of the Register of Deeds of McDowell County on 11 August 1959. ·

2. A deed dated 30 October 1952, executed by Lillian Pittman Hyatt and William Hyatt, her husband, to William Lonon of McDowell County. This deed was offered in evidence for the purpose of attack. It was recorded in the office of the Register of Deeds of McDowell County on 14 November 1952 in Deed Book 120 at page 621.

3. A deed dated 17 March 1954, executed by William D. Lonon and Dorothy M. Lonon, his wife, of McDowell County, to Ruby Pittman Curran of McDowell County, and recorded in the office of the Register of Deeds of McDowell County in Deed Book 127 at page

274 on 19 March 1954. This deed was offered in evidence for the purpose of attack.

4. A deed dated 2 April 1956, executed by Ruby Pittman Curran and her husband, William C. Curran, of McDowell County, to Clarence Pittman and wife, Nora Evans Pittman. This deed was recorded in Deed Book 151 at page 529 in the office of the Register of Deeds of McDowell County on 3 April 1959. It was introduced for the purpose of attack.

5. It was stipulated and agreed that the description contained in the above four instruments offered in evidence as plaintiff's Exhibits 1, 2, 3, and 4, describe and include the same one-quarter acre of land now in controversy.

6. Plaintiff offered in evidence that part of paragraph 3 of the answer, which reads as follows: " * * * it is admitted that on or about 26 October 1951 the plaintiff and the defendant, Clarence Pittman, were husband and wife."

7. The plaintiff offered in evidence Minute Docket No. 23 at page 273, in the office of the Clerk of the Superior Court of McDowell County, which sets forth a judgment to the effect that the defendant Clarence Pittman was granted an absolute divorce from the plaintiff herein on 14 February 1955.

At the close of plaintiff's evidence the defendants moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*William C. Chambers for plaintiff appellant.*
*J. M. Yelton, Jr.; Anglin & Bailey for defendants appellee.*

DENNY, J.   The plaintiff alleges in her complaint that the three conveyances introduced for the purpose of attack are neither valid in law, nor in fact; that each of said instruments was made without valuable consideration and was a voluntary conveyance made for the purpose of depriving the plaintiff of her title, interest and estate in said land, and that said instruments constitute a cloud upon plaintiff's one-half interest in said land.

The warranty deed dated 26 October 1951, executed by Lillian Pittman Hyatt and husband, William Hyatt, of McDowell County, North Carolina, to Clarence Pittman and wife, Emma Pittman, of McDowell County, as tenants by the entirety, purported to convey to grantees a fee simple title to the land described therein. Moreover, when Clarence Pittman divorced his wife, Emma Pittman, if the estate had not theretofore been destroyed, she became seized of a one-half undivided interest in said one-fourth acre of land as a tenant in common. *Hatcher*

*v. Allen,* 220 N.C. 407, 17 S.E. 2d 454. The introduction in evidence of the four deeds referred to hereinabove, established the fact that the plaintiff and the defendants are claiming title from a common source.

One of the methods laid down in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142, by which a plaintiff may establish title, is to "connect the defendant with a common source of title and show in himself a better title from that source."

The plaintiff's title to a one-half undivided interest in the premises involved herein is good, notwithstanding the fact that the original deed to Clarence Pittman and wife, Emma Pittman, was not recorded until 11 August 1959, unless the defendants are purchasers for value, and the burden of proof is on the defendants to show by a preponderance of the evidence that they are purchasers for value. *Hughes v. Fields,* 168 N.C. 520, 84 S.E. 804; *King v. McRackan,* 168 N.C. 621, 84 S.E. 1027 (affirmed on rehearing, 171 N.C. 752, 88 S.E. 226); *Bank v. Mitchell,* 203 N.C. 339, 166 S.E. 69; *Whitehurst v. Abbott,* 225 N.C. 1, 33 S.E. 2d 129, 159 A.L.R. 380; *Skipper v. Yow,* 240 N.C. 102, 81 S.E. 2d 200. See also Anno: Burden of Proof — Good Faith — Consideration, 107 A.L.R. 502, *et. seq.,* where the authorities bearing on the burden of proof in a situation like that now before us are collected.

In *Skipper v. Yow, supra,* it is said: "The general rule as it prevails in this jurisdiction is stated in *Claywell v. McGimpsey,* 15 N.C. 89, as follows: 'When it (a deed) is offered as evidence of the truth of matters recited, acknowledged, or declared in the deed it is then admissible only *against* parties and privies. When offered against others, it is opposed by one of the best established rules of law, founded on principles of natural justice, that no one shall be prejudiced by *res inter alios acta* — by the acts, declarations or conduct of strangers.

" 'But there is no warrant of authority or reason for the position that a recital or description in a deed proves its own truth *in favor* of the party himself.' (Citations omitted.)"

It is also said in Jones on Evidence, 3rd Ed., section 469, page 722, *et seq.:* "Although the grantor cannot show want of consideration to defeat the conveyance, it need hardly be said that, as against strangers who attack the conveyance for fraud, no conclusive force can be claimed for the recital which states the consideration. Generally, as against third persons, the recital of consideration is no evidence whatever, and as against creditors or innocent purchasers without notice, the mere statement that a nominal consideration has been paid raises no presumption of a substantial consideration. In such cases the burden is on the grantee to prove a sufficient consideration."

In 20 Am. Jur., Evidence, section 940, page 792, *et seq.,* it is like-

wise said: "Recitals in a deed other than an ancient deed are not, as a general rule, competent evidence against a stranger to the instrument to prove the facts therein recited, nor are they binding upon him. To state the rule another way, a recital in a deed is inadmissible as evidence of the fact recited, as against one who was neither a party nor a privy to the deed. A recital in a recent, as distinguished from an ancient, deed that the consideration has been paid or the amount of the consideration paid is not proof of such fact as against a stranger. * * * Recitals in a deed may, as between the parties to it, be admissible evidence as tending to prove the facts recited, but as to strangers, such recitals are merely *ex parte* statements of the parties to the deed. They are at most admissions of the grantor and grantee and, therefore, hearsay when offered against a stranger. * * *"

When the case of *King v. McRackan, supra,* was before this Court, on a petition to rehear on the ground that the Court in its prior opinion had erroneously placed the burden of proof on defendants to show that they were purchasers for value, this Court said: "We have carefully considered the arguments of the learned counsel for the petitioner urging us to reverse the ruling on the former appeal, holding that the burden was on the defendant to prove that he was a purchaser for value, but we are not convinced that we were then in error.

"In addition to the reasons then stated, it may be suggested, without elaboration, that the opinion placed the burden of proof on the purchaser, who usually knows all the facts, and who has it in his possession to inform the court of the amount paid and to whom, and of all the circumstances surrounding the purchase, while the opposite rule, and the one contended for by the petitioner, would impose the burden on one unacquainted with the facts, and he would be required to establish a negative, to wit, that the other party was *not* a purchaser for value. 'It is often said that facts which are especially within the knowledge of the party must be proved by him. This rule is especially applied when the fact particularly well known to the other side presents the further difficulty in the way of adequate proof that it is negative. Under these circumstances it occurs with special frequency that the other party is called upon to prove it.' Chamberlayne on Evidence, vol. 2, sec. 978."

It is true that in an action in ejectment, or to remove cloud from title, the burden is on the plaintiff to establish his or her superior title. *Walker v. Story,* 253 N.C. 59, 116 S.E. 2d 147; *Seawell v. Fishing Club,* 249 N.C. 402, 106 S.E. 2d 486. Even so, plaintiff in the instant case has made out a superior title under her prior dated

but later recorded deed to the one-half undivided interest in the land in controversy, unless the defendants are purchasers for value.

We think it is well to note that the original deed to Clarence Pittman and wife, Emma Pittman, was executed by Lillian *Pittman* Hyatt and her husband, William Hyatt. The second deed, by the same grantors, was executed to William Lonon of McDowell County. The third deed was executed by William D. Lonon and wife, Dorothy M. Lonon, to Ruth *Pittman* Curran, and the fourth deed by Ruth *Pittman* Curran and her husband, William C. Curren, of McDowell County, to Clarence Pittman and his present wife, Nora Evans Pittman. While the record does not disclose the relationship, if any, between Lillian Pittman Hyatt, Ruth Pittman Curran, and Clarence Pittman, the record does disclose that William D. Lonon and wife, Dorothy M. Lonon, were personally served with summons in this case and that they have failed to file an answer or otherwise plead.

In the case of *Hayes v. Ricard,* 245 N.C. 687, 97 S.E. 2d 105, relied on by the defendants, and in the same case on a prior appeal, reported in 244 N.C. 313, 93 S.E. 2d 540, it was clearly established that the deed to the defendant Ricard was not only supported by a valuable consideration but was recorded prior to the registration of the deed under which the plaintiffs therein claimed. Moreover, the evidence clearly established the fact that the grantee in the unrecorded fee simple warranty deed, prior to his death, intentionally withheld registration of his deed and expressly requested the grantors in his deed to make a second deed directly to the defendant Ricard. Hence, the facts in the Ricard case are distinguishable from those in the present case.

In our opinion, the plaintiff is entitled to have a jury determine whether or not the defendants are purchasers for value. If the defendants are purchasers for value, the burden is upon them to establish this fact by the preponderance or greater weight of the evidence.

The judgment entered below is
Reversed.